Case 4:19-cr-00137   Document 198   Filed on 08/14/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | CRIM. NO. H-19-137-1 |
| DEANTHONY DOUCET § | |
| (BOP # 85475-479) § | |

## MEMORANDUM AND ORDER

DeAnthony Doucet has filed for a reduction in sentence under 18 U.S.C. 3582(c)(1)(A) and 3582(c)(2), seeking compassionate release or a sentence reduction based on extraordinary and compelling reasons. (Docket Entry No. 195). The government has responded. (Docket Entry No. 197).

Doucet pleaded guilty to a six count indictment alleging aiding and abetting the assault of a federal officer, aiding and abetting the robbery of a person in lawful control and custody of money of the United States, and conspiracy to interfere with commerce by robbery. The conviction arose from a sting operation in which undercover agents agreed to purchase cocaine and heroin from Doucet. The agents arranged to meet with Doucet carrying $15,650 in cash to buy the drugs and possibly firearms from him. Doucet instead pointed a gun at the agents and demanded that they give him the cash. Doucet and others with him beat the undercover agents, took the money, and stole keys, a credit card, a government issued weapon, and a cell phone from the agents. Unfortunately for Doucet, the incident was videotaped.

Doucet was sentenced to serve a total of 130 months in prison. His scheduled release date is August 2, 2028.

Doucet asks for compassionate release or a sentence reduction, on three grounds. The first is that his conviction under § 924(c) should be vacated under *United States v. Taylor*, 596 U.S. 845 (2022). The second ground is that the § 3553(2) factors support a sentence reduction. The third ground is that the § 3553(a) factors support early release because Doucet has tried to rehabilitate himself.

Doucet's first problem is that the record does not show that he submitted a compassionate release request from the BOP 30 days before he filed his motion for compassionate release. Before filing a compassionate release motion under § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [wait for] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Because Doucet has failed to exhaust, his request is denied.

Doucet's request faces additional hurdles. His argument based on the "invalidity" of his § 924(c) conviction is unpersuasive. The cases he cites involve Hobbs Act robbery under 18 U.S.C. § 1915. The courts have held that attempted Hobbs Act robbery or a conspiracy to commit Hobbs Act robbery is not a crime of violence that can serve as the predicate crime under § 924(c). But Doucet was not charged under the Hobbs Act. Instead, he was charged with assaulting federal officers with a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a) and (b). The applicable authorities support finding that § 111(b) is a crime of violence under § 924(c). *See United States v. Hernandez-Hernandez*, 817 F3d 207, 217 (5th Cir. 2016).

Doucet's arguments that he did not aid and abet the assault of federal officers with a deadly or dangerous weapon, and that he did not aid and abet the robbery of a person in lawful control

2

and custody of money of the United States are unavailing. The record shows that he pleaded guilty to, and was convicted of, precisely this conduct.

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Courts may reduce a defendant's sentence if "the factors set forth in section 3553(a)" and "extraordinary and compelling reasons" justify a reduction. Id. (quoting § 3582(c)(1)(A), (c)(1)(A)(i)). If the court finds no "extraordinary and compelling reasons," it need not consider the §3553 factors. *Id.*

Doucet's efforts toward rehabilitation are neither extraordinary or compelling reasons for a sentence reduction or early release. His motion is not based on an applicable retroactive change to the guideline range.

Even if the § 3553(a) factors are considered, they would not support the relief Doucet seeks. His actions were violent. He and his codefendants robbed undercover federal agents at gunpoint and viciously beat them. Doucet's violent conduct does not justify a reduction of his sentence.

Doucet's motion for compassionate release, (Docket Entry No. 195), is **denied**.

SIGNED on August 14, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3